UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00403-JHM

BRETT FOLEY                                                                                                     PLAINTIFF

v.

MEAGAN RAMPLEY, in her official                                            DEFENDANTS
and individual capacities, and
LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants Meagan Rampley and Louisville-Jefferson County Metropolitan Government's ("Louisville Metro") motion to dismiss. This matter is ripe for decision.

## I. BACKGROUND

According to the complaint, Rampley, a police officer employed by the Louisville Metropolitan Police Department ("LMPD"), was dispatched to a home in Louisville on June 17, 2016. Upon arriving at the home, she arrested plaintiff Brett Foley for criminal trespass in the first degree and placed him in handcuffs. Foley complained to Rampley about the tightness of the handcuffs and made a request that he be taken to the hospital, which was denied. He remained in the handcuffs for 30 to 45 minutes before they were loosened or removed. Foley brought this action in Jefferson Circuit Court against both Rampley, in her official and individual capacities, and Louisville Metro. The complaint states one cause of action for violation of his constitutional rights and seeks to recover pursuant to 42 U.S.C. § 1983. (DN 1-3.) The defendants removed to this Court (DN 1) and have now moved to dismiss the claims against

Rampley in her official capacity and Louisville Metro pursuant to Fed. R. Civ. P. 12(b)(6).[1] (DN 5.) Foley has not filed a response, and the time for such a response has now passed, making this matter ripe for decision.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id*. at 678–79. Instead, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 677 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] Rampley does not move to dismiss the claim against her in her individual capacity and has answered the Complaint. (DN 6.)

## III. ANALYSIS

### A. LOUISVILLE METRO

Louisville Metro argues in its motion to dismiss that Foley has failed to adequately plead an unconstitutional policy or custom for which it could be held liable.[2] Municipal governments are considered "persons" who may be sued under § 1983, but the unconstitutional act at issue must be performed pursuant to a governmental policy or custom in order to establish municipal liability. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). *Monell* precludes *respondeat superior* liability for municipalities, as the municipal government cannot be held liable merely because one of its employees commits a constitutional violation. *Id.* at 691. Under this well-established doctrine, Foley has failed to state a claim against Louisville Metro, as the complaint contains no allegations that Louisville Metro or LMPD had a policy or custom of using unnecessary or excessive force in arresting or handcuffing individuals. Foley states that his constitutional rights were violated when the "Defendants used unnecessary and excessive force when handcuffing Plaintiff." (Pl.'s Compl. [DN 1-3] ¶ 16a.) Without any allegations that this was done pursuant to a governmental policy or custom, Louisville Metro cannot be held liable for a constitutional violation committed by its employee. *See Kustes v. Lexington-Fayette Urban Cty. Gov.*, 2013 WL 4776343, at *5 (E.D. Ky. Sep. 3, 2013) ("The Plaintiff must describe what the official custom or policy was and describe how it was violated"); *Hutchinson v. Met. Gov. of Nashville and Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (failure to "include any facts related to a . . . municipal custom, policy or practice" required court to dismiss

---

[2] Louisville Metro also argues that, to the extent the complaint states a claim under Kentucky state law, Louisville Metro is entitled to sovereign immunity. However, the Court finds that the complaint makes no state law claim. Despite the complaint stating initially that it is "an action for excessive force under Kentucky common law," the complaint clearly asserts a single claim that only alleges liability under § 1983. (DN 1-3, at 2.) Thus, Foley has made no claim under Kentucky law.

complaint). As such, the complaint fails to state a claim against Louisville Metro, and its motion to dismiss the claim against it is **GRANTED**.

### B. RAMPLEY

Rampley argues that the claim against her in her official capacity should be dismissed, as it is identical to the claim against Louisville Metro. "As long as the government entity [for which the defendant works] receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted). Therefore, the same analysis applies to the official capacity claim against Rampley as that of the claim against Louisville Metro. As a municipal entity, it "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. As previously stated, there is no allegation that a municipal custom or policy existed that deprived Foley of his constitutional rights. Therefore, Foley is merely seeking to hold Louisville Metro liable for any violation possibly committed by Rampley, which is impermissible under *Monell*. As such, the claim against Foley in her official capacity fails, and her motion to dismiss the official capacity claim against her is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss by defendants Meagan Rampley and Louisville-Jefferson County Metropolitan Government (DN 5) is **GRANTED**.

cc: counsel of record

                                            **Joseph H. McKinley, Jr., Chief Judge**
                                                    **United States District Court**
                                                              September 29, 2017